UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ELIZABETH L. CARDOSO,
              Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
              Agency.

DOCKET NUMBER
PH-0845-17-0268-I-1

DATE: January 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Emmanuel L. Barros, Brockton, Massachusetts, for the appellant.

Jane Bancroft, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her Federal Employees' Retirement System annuity overpayment appeal as untimely filed by 4 days without good cause. On petition for review, the appellant argues that the Board should waive the filing deadline because she

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

has shown good cause for filing the appeal late.  Petition for Review (PFR) File, Tab 1.

¶2    For the first time on review, the appellant's representative submits the following evidence and argument to prove good cause for the filing delay.  He argues the existence of circumstances beyond the control of the appellant, who is his sister and resides in his home.  *Id*. at 4.  He explains that the appellant cannot handle her own affairs and that she relies on his assistance because she has communication problems due to a medical condition.  *Id*. at 2, 4.  He submits miscellaneous medical documents concerning the appellant's health and medical care in 2010, 2011, and 2014.[2]  *Id*. at 6-10.  He argues that his delay in filing the appeal was "excusable neglect" because he is not a professional guardian and the delay did not prejudice the agency.  *Id*. at 3-4.  He also describes his work and family obligations and asserts that he filed the appeal for the appellant "as soon as he saw the decision" but he does not always "catch the mail in time."  *Id*.

¶3    For the reasons stated in the initial decision, we agree with the administrative judge's well-reasoned finding that the appellant's representative failed to show good cause for the delay in filing her appeal.  Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 2-9.  We find that the initial decision thoroughly addressed the appellant's arguments on appeal concerning the timeliness issue.  *Id*.  Moreover, we decline to consider argument and evidence submitted for the first time on review by the appellant's representative because he has failed to show that it was unavailable, despite his due diligence, when the record closed.[3]  *See* 5 C.F.R. § 1201.115(d).  The appellant was represented by

---

[2] Contrary to the appellant's representation on review, we find that the medical documents from 2010, 2011, and 2014, do not constitute "new" evidence because she has not shown that the information contained in those documents was unavailable, despite her due diligence, when the record closed.  PFR File, Tab 1 at 1, 3, 6-10; *see* 5 C.F.R. § 1201.115(d).

[3] The Board generally will not consider new and material evidence or legal argument raised for the first time in a petition for review absent a showing that it was not

her brother throughout the appeal process, and the administrative judge provided the appellant and her representative ample opportunity to submit evidence and argument on appeal below.  ID at 2-5, 7-8; IAF, Tab 1 at 6, Tab 2 at 2, Tab 6 at 2-4, Tabs 7-8.

¶4        Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[4] Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

---

previously available despite the party's due diligence.  *See* 5 C.F.R. § 1201.115(d).  The appellant has not made that showing here.  The appellant, through her representative, does not dispute the finding of the administrative judge that she missed three filing deadlines and ignored an order to attend a scheduled teleconference.  ID at 8. Moreover, although the appellant's representative argues that the appellant lacked the mental ability to pursue her appeal without his assistance, he submits medical evidence on review indicating that the appellant is more independent than his argument suggests. PFR File, Tab 1 at 10.

[4] To the extent that the appellant's representative challenges the merits of the underlying appeal, the Board declines to address this argument on review because we find that the administrative judge properly dismissed the appeal as untimely filed without good cause shown.  PFR File, Tab 1 at 3.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.