# United States Court of Appeals for the Federal Circuit

---

**ALESTEVE CLEATON,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2015-3126

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-14-0760-I-1.

---

Decided: October 13, 2016

---

ROBERT J. GAJARSA, Latham & Watkins LLP, Washington, DC, argued for petitioner. Also represented by LAUREN M. BENNETT.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before DYK, WALLACH, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Alesteve Cleaton was removed from his position as Correctional Officer pursuant to 5 U.S.C. § 7371, which mandates the removal of any law enforcement officer who is convicted of a felony. Mr. Cleaton appeals the Merit Systems Protection Board's decision sustaining his removal. Because the Board did not err in finding that Mr. Cleaton was convicted of a felony on May 6, 2014, we affirm.

I

Mr. Cleaton was a Correctional Officer with the Bureau of Prisons (BOP) at the Federal Correctional Complex in Petersburg, Virginia. On December 17, 2013, Mr. Cleaton was indicted in Virginia State court on a felony charge for possession of marijuana with intent to distribute. J.A. 1097. During a hearing on March 20, 2014, Mr. Cleaton pled no contest to the felony charge pursuant to a plea deal. Pet. Br. at 7 ("After his indictment, Mr. Cleaton pled no contest to the charge against him pursuant to a plea deal.").[1]

Following the hearing, on May 6, 2014, the trial court entered an order noting that "defendant was arraigned and plead [sic] guilty to the charge in the indictment." J.A. 1059. The court further noted that "having heard the evidence, [the court] accepted defendant's plea of guilty, and found him guilty of possess[ing] marijuana with intent." *Id.* The court deferred the imposition of the sentence "upon the condition that defendant cooperate fully with the requests for information made by the Probation Officer, who is directed to conduct a thorough investigation and to file a long-form presentence report with the Court." *Id.*

---

[1] The initial plea agreement and transcript from the March 20, 2014 hearing are not in the record.

On May 9, 2014, BOP proposed to remove Mr. Cleaton from his position pursuant to 5 U.S.C. § 7371(b). J.A. 1057–58. Mr. Cleaton was notified on May 20, 2014, that he would be removed from his position effective May 31, 2014. J.A. 1055–56.

On June 5, 2014, Mr. Cleaton appealed his removal to the Board asserting that he was not convicted on May 6, 2014. The Administrative Judge issued an initial decision on October 3, 2014, finding that Mr. Cleaton was properly removed under 5 U.S.C. § 7371(b) because he was "convicted of a felony" that was "recorded on May 6, 2014." J.A. 1103.

After Mr. Cleaton was removed, he obtained new counsel and on November 20, 2014, he entered into a revised plea agreement. J.A. 1143–49. The revised plea agreement added a misdemeanor charge for contempt, but did not change Mr. Cleaton's previous no contest plea to the felony. J.A. 1141. The court accepted the plea agreement noting that "Defendant pled no contest to both charges and stipulated that evidence was sufficient to convict him on both charges." *Id.* But, pursuant to the plea agreement the court "withheld a finding [of guilt] for a period of 2 years." *Id.* The court placed Mr. Cleaton on supervised probation for two years and, upon successful completion of the probation period, the charges against Mr. Cleaton will be dismissed.

Mr. Cleaton appealed the Administrative Judge's initial decision to the Board, arguing that pursuant to the revised plea agreement the court withheld a finding of guilt and therefore he was not convicted of a felony on May 6, 2014. The Board disagreed and upheld Mr. Cleaton's removal.

Mr. Cleaton appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

II

The Board's decision upholding Mr. Cleaton's removal must be set aside "if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without following applicable procedures; or 'unsupported by substantial evidence in the record.'" *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 774 n.5 (1985) (quoting 5 U.S.C. § 7703(c)(3)).

Pursuant to 5 U.S.C. § 7371(b), "[a]ny law enforcement officer who is convicted of a felony shall be removed from employment as a law enforcement officer on the last day of the first applicable pay period following the conviction notice date." "Conviction notice date" is defined as the date on which the employing agency receives "notice that the officer has been convicted of a felony that is entered by a Federal or State court . . . ." *Id.* § 7371(a)(1). "[T]he removal is mandatory even if the conviction is not yet final because it has been appealed." *Canava v. Dep't of Homeland Sec.*, 817 F.3d 1348, 1350 (Fed. Cir. 2016). On appeal, Mr. Cleaton argues that the Board erred in sustaining his removal because he has not been "convicted" of a felony under Virginia law. Therefore, we must first determine whether state or federal law governs the meaning of "conviction" under § 7371(b), and second, whether Mr. Cleaton's plea constitutes a conviction for purposes of § 7371(b).

The statute itself does not specify whether state or federal law controls. Absent "plain indication to the contrary, . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." *NLRB v. Nat. Gas Util. Dist.*, 402 U.S. 600, 603 (1971). In *Dickerson v. New Banner Institute, Inc.*, the Supreme Court held that whether a person has been "convicted" for purposes of a federal statute that imposed firearms disabilities was "a question of federal, not state, law, despite the fact that the predi-

cate offense and its punishment are defined by the law of the State." 460 U.S. 103, 112 (1983).[2] The Court reasoned that "[t]his makes for desirable national uniformity unaffected by varying state laws, procedures, and definitions of 'conviction.'" *Id.* The same logic applies here. Section 7371(b) requires immediate removal of a law enforcement officer convicted of a felony. Because federal agencies employ law enforcement officers in every state, it is desirable to have one uniform standard for "conviction" that is unaffected by varying state laws, procedures, and definitions. Therefore, whether one has been "convicted" within the language of 5 U.S.C. § 7371(b) is necessarily a question of federal law.

Under federal law, "a guilty plea alone [can] constitute a conviction" in some circumstances. *Id.* at 113 (internal quotation marks and citation omitted); *see also Mulder v. McDonald*, 805 F.3d 1342, 1347 (Fed. Cir. 2015) ("[A]ccording to its ordinary meaning, a 'conviction occurs when the accused is found—or *pleads*—guilty.") (emphasis added). In *Dickerson*, for example, the Court determined that a formal judgment was not necessary to establish that an individual had been convicted of a felony for purposes of the firearms disability statute because the purpose of the statute "was to keep firearms out of the

---

[2] In *Dickerson*, the Supreme Court concluded that even if an individual's felony conviction is expunged, the individual may not maintain a federal license to manufacture or sell firearms under 18 U.S.C. § 922(g) because the individual had been convicted within the meaning of the statute. *See* 460 U.S. at 119–20. Congress overruled this outcome in the Firearms Owners' Protection Act, Pub. L. No. 99-308, § 101, 100 Stat. 449 (1986), by clarifying that a conviction expunged under state law would not prevent an individual from maintaining such a license. *See Logan v. United States*, 552 U.S. 23, 27–28 (2007).

hands of presumptively risky people" and there was "no reason whatsoever to suppose that Congress meant [conviction] to apply only to one against whom a formal judgment has been entered." *Id.* at 112 n.6.

Similarly, Congress's main concern in enacting § 7371(b) was prohibiting individuals that were guilty of felonies from serving the public as law enforcement officers. Before Congress enacted § 7371(b), an agency had discretion regarding the removal of a law enforcement officer that had been convicted of a felony. *See* 146 Cong. Rec. S2617 (daily ed. Apr. 12, 2000) (statement of Sen. Grassley). Section 7371(b)'s broad language reflects Congress's intent to remove that discretion in order to maintain the public's trust in the federal law enforcement system. *Id.* ("Rank and file [law enforcement officers] . . . feel—as I do—that law enforcement officers, who are convicted of felonies—should be removed from their posts immediately. They don't want their badges tarnished by having one of their own, who committed a felony, remain on the job."). Nothing in the legislative history or statutory text indicates that Congress was concerned with whether the officer in question actually receives or serves a prison sentence, or whether a state court formally enters a written adjudication of guilt.

Therefore, we find that an individual can be "convicted" for purposes of § 7371(b) "once guilt has been established whether by plea or by verdict and nothing remains to be done except pass sentence." *Dickerson.* 460 U.S. at 114. Further, when an individual is placed on probation, a court does not need to necessarily issue a formal adjudication of guilt because "one cannot be placed on probation if the court does not deem him to be guilty of a crime." *Id.* at 113–14.

Here, Mr. Cleaton pled no contest to a single felony offense and on May 6, 2014, the court found him guilty of that felony. Because guilt was established on May 6,

2014, the Board correctly determined that Mr. Cleaton was convicted of a felony for purposes of § 7371(b) as of that date.

Mr. Cleaton argues that even if he was convicted of a felony under the initial plea agreement, the initial plea agreement was withdrawn and therefore the conviction was nullified. *See* Pet. Br. at 14. However, the statute is clear that a removal may only be set aside "retroactively to the date on which the removal occurred, with back pay," if the conviction is overturned on appeal, which has not happened in this case. 5 U.S.C. § 7371(d); *see id.* § 7371(e)(2) (stating that "[t]he employee may . . . contest or appeal a removal, but only with respect to whether— (A) the employee is a law enforcement officer; (B) the employee is convicted of a felony; or (C) the conviction was overturned on appeal."). And, although Virginia law permits a defendant to withdraw a plea agreement— which could potentially affect whether there was a conviction if the plea were withdrawn as a result—Mr. Cleaton failed to present any evidence establishing that he filed a motion to withdraw the plea or that the court actually set aside the initial plea agreement. *See* Va. Code Ann. § 19.2-296 (2016) ("A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended."); *Hall v. Commonwealth*, 515 S.E.2d 343, 346 (Va. App. 1999) ("Whether a defendant should be permitted to withdraw a guilty plea rests within the sound discretion of the trial court to be determined based on the facts and circumstances of each case."). Instead, Mr. Cleaton's initial plea agreement was simply revised to encompass an additional criminal offense. *See* Pet. Br. at 22; J.A. 1143. This conclusion is supported by the fact that Mr. Cleaton's plea from the initial plea agreement did not change in the revised plea agreement—he merely pled no contest to the additional charge. *Compare* Pet. Br. at 7 *with* J.A. 1143.

This is also not a situation where there is a plea agreement, and, hypothetically, a withdrawal of that agreement could affect whether there was a conviction. *See Dickerson*, 460 U.S. at 113 n.7. Here, there was a judgment of guilt by the trial court based on the plea agreement. The theoretical possibility that Mr. Cleaton could have withdrawn his plea agreement cannot affect that the judgment was entered.

Congress enacted this statute to require the immediate removal of a law enforcement officer convicted of a felony. *See supra* at 6. It would be inconsistent with both the plain language of the statute and Congress's intent if we were to hold that, although Mr. Cleaton was convicted of a felony in May 2014 that has not been overturned on appeal, he must be reinstated and awarded back pay because the initial plea agreement was revised to include additional criminal activity.

Because Mr. Cleaton's conviction has not been overturned on appeal, for purposes of § 7371(b), he stands convicted of a felony as of May 6, 2014. Therefore, the Board did not err in sustaining his removal as of that date.

**AFFIRMED**

No costs.