NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAJOR MORRISON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2016-2490

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-15-0043-C-1.

---

Decided: January 13, 2017

---

MAJOR MORRISON, Brooklyn, NY, pro se.

PETER ANTHONY GWYNNE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before PROST, *Chief Judge,* DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

Dr. Major Morrison petitions for review of the Merit Systems Protection Board's ("Board") denial of his petition for enforcement of a settlement agreement he entered with the United States Department of Veterans Affairs ("VA"). Because substantial evidence supports the Board's findings and we discern no legal error, we *affirm*.

BACKGROUND

Dr. Morrison served in the United States Marine Corps from 1979–1998. He subsequently worked as a Boiler Plant Operator at the VA's New York Harbor Healthcare System. A6.[1] In 2014, the VA notified Dr. Morrison of its decision to remove him from his position of Boiler Plant Operator. *Id.* Dr. Morrison appealed that decision to the Board on November 25, 2014. *Id.* On March 26, 2015, he entered into a settlement agreement with the VA ("Settlement Agreement").

In relevant part, the Settlement Agreement provides:

2. VA hereby:

a) agrees to cancel the December 5, 2014 removal of the appellant from his position as a WG-10 Boiler Plant Operator.

b) agrees to approve, as of the date of this agreement, the appellant's request to be reassigned to a WG-5 Motor Vehicle Operator Position.

c) agrees to restore the appellant to status quo ante with no break in service. Appellant is entitled to all benefits and privileges of employment that he would have received had he not been removed effective December 5, 2014 including but

---

[1] "A__" refers to the appendix to the VA's informal brief.

not limited to retroactive pay, annual leave, sick leave, seniority, pension rights and medical and health benefits.

d) agrees to pay the appellant, by check or through electronic funds transfer, for the appropriate amount of backpay, with interest, and to adjust benefits with appropriate credits and deductions in accordance with the Office of Personnel Management's regulations within sixty calendar days of the date of this agreement.

e) agrees to pay the appellant, by check or through electronic funds transfer, $7,000 in compensatory damages within sixty calendar days of the date of this agreement.

A32. Based on the Settlement Agreement, the Board dismissed Dr. Morrison's appeal on April 8, 2015. A6–A8.

Dr. Morrison later filed a petition for enforcement, arguing that the VA had not followed the terms of the Settlement Agreement. *See* A17–A21. Because it was unclear to the Board what portions of the Settlement Agreement the VA allegedly breached, it issued an order to show cause. A20; A38. Dr. Morrison responded "that he wished to be restored to his position of Boiler Plant Operator and he was only paid $7,000 rather than $14,000." A20. On June 29, 2016, the Board denied Dr. Morrison's petition after finding that the VA had not breached any of the Settlement Agreement's terms. A21. The Board's decision became final on August 3, 2016. *Id.*

## JURISDICTION

Pursuant to 28 U.S.C. § 1295(a)(9), we have jurisdiction "of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." But appeals from a final Board decision "shall be filed within 60 days after

the Board issues notice of the final order or decision of the Board." *Id.* § 7703(b)(1)(A).

The Board's initial decision included a section entitled, "NOTICE TO APPELLANT," where it explained that "[t]his final decision will become final on *August 3, 2016*." A21. The initial decision also included a section entitled, "NOTICE TO THE APPELLANT REGARDING YOUR FUTURE REVIEW RIGHTS." A25. There, it informed Dr. Morrison that he had a right to file an appeal with this court. But it cautioned that "[t]he court must receive your request for review no later than 60 calendar days after the date this initial decision becomes final." *Id.*

Because the Board's initial decision became final on August 3, 2016, Dr. Morrison was required to file his appeal by October 2, 2016. *See* 28 U.S.C. § 7703(b)(1)(a). On August 9, 2016, we received various documents from Dr. Morrison, which we construed as his petition for review. We then requested that Dr. Morrison complete an informal brief, which we received on October 11, 2016. Because we construed Dr. Morrison's August 3 filing as his petition for review, his appeal is timely, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## MERITS

Dr. Morrison bears the burden of establishing that the Board erred. *See Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016). We affirm the Board's decision unless we find it to be:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

> (2) obtained without procedures required by law, rule, or regulation having been followed; or

> (3) unsupported by substantial evidence.

5 U.S.C. § 7703(c); *accord Cleaton v. Dep't of Justice*, 839 F.3d 1126, 1128 (Fed. Cir. 2016). "Substantial evidence is

more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones*, 834 F.3d at 1366 (quotation marks and citations omitted).

Dr. Morrison's informal brief appears to argue that the Board failed to consider a letter he sent to the Board on July 5, 2016 alleging that his removal was based on race. Pet'r's Inf. Br. 1; *see also* A40–A41. Whatever the dispute over Dr. Morrison's removal, the record indicates that the parties entered into the Settlement Agreement on March 26, 2015 that settled all issues of dispute between the parties. A31–A32. The merits of the underlying dispute prior to the Settlement Agreement, therefore, are not before us.

Dr. Morrison also appears to complain that the Board failed to provide a hearing. Given the record before the Board, we discern no abuse of discretion in the failure to schedule a hearing in the enforcement proceeding. *See Knight v. Dep't of Treasury*, 2010 M.S.P.B. 80 ¶ 16 (2010); 5 C.F.R. § 1201.183(a)(3) ("The judge *may* convene a hearing if one is necessary to resolve matters at issue.") (emphasis added).

Next, Dr. Morrison argues that the Board failed to consider the fact that he "was not fully granted 2 year ext[ension] of pay and didn't receive [the] total [of] [$]14,000." Pet'r's Inf. Br. 1. The Board found that the Settlement Agreement "did not provide for [Dr. Morrison's] reinstatement into the position of Boiler Plant Operator or, a payment in the amount of $14,000." A20. We agree. The Settlement Agreement, which "constitutes the entire agreement" and excludes "other terms," does not provide for any two-year extension of pay. A32. And it provides for the payment of $7,000, not $14,000. *Id.* We therefore find that the Board did not fail to consider any relevant facts and properly construed the Settlement Agreement.

Dr. Morrison seems to argue that he was forced to sign the Settlement Agreement under protest. *See* A41; ECF No. 10, at 11. However, both Dr. Morrison and his representative signed the Settlement Agreement, which states that it "has been entered into freely and voluntarily." A32. Given the Settlement Agreement's language and Dr. Morrison's failure to present any evidence of duress, we agree with the Board's determination that Dr. Morrison "voluntarily entered into" the Settlement Agreement. A7.

Finally, Dr. Morrison accuses the Board of being motivated to close the case quickly. However, he cites no evidence in support, and we find just the opposite. The Board prolonged proceedings by ordering Dr. Morrison to state which particular terms of the Settlement Agreement he believed the VA violated. A38. Only after receiving Dr. Morrison's additional submissions did the Board determine that the VA did not violate the Settlement Agreement. Thus, the Board carefully considered the alleged violations without rushing to a conclusion.

CONCLUSION

Substantial evidence supports the Board's findings, and it properly interpreted the Settlement Agreement between Dr. Morrison and the VA. We therefore *affirm*.

**AFFIRMED**

COSTS

No costs.