NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUSTIN LEVY,**
*Petitioner*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2017-1034

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-13-0216-W-3.

---

Decided: April 12, 2017

---

JUSTIN LEVY, Leonardo, NJ, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before PROST, *Chief Judge,* DYK and HUGHES, *Circuit Judges.*

PER CURIAM.

This is a whistleblower case. Justin Levy alleges that he was terminated from his employment as a Customs and Border Protection Officer at the Department of Homeland Security in reprisal for making protected whistleblower disclosures. The Merit Systems Protection Board disagreed. Because the Board's decision contains no reversible error, we affirm.

I

In 2010, Mr. Levy applied to be a Customs and Border Protection Officer (CBPO) and selected New Jersey as his preferred duty location. On April 15, 2011, Customs and Border Protection (CBP) sent him an email inviting him to change his preferred duty location to locations on the southwest border, where it needed more CBPOs. According to Mr. Levy, throughout the application process, a CBP employee named Jessica promised him that if he accepted a position on the southwest border, he would have "first dibs" to transfer to New Jersey once a position became available. Appx. 20. Mr. Levy did not know Jessica's last name, job title, whether she held a supervisory position, or whether she had authority to enter into a verbal agreement. Mr. Levy was subsequently offered and accepted a position in Nogales, Arizona and, based on the assurances from Jessica, expected that he would be able to transfer to New Jersey once a position became available.

However, during the application process, Mr. Levy received and/or signed a number of documents informing him that changes to his offered geographic location would not be made, and that any request for a transfer would be denied within the first two years of employment and could still be denied after that. For example, an email sent to all CBPO applicants inviting them to change their preferred duty location to locations on the southwest border noted that "changing your geographic location will over-

write any previous geographic location you selected and once you receive a tentative offer for a specific geographic location you will not be able to change locations." Appx. 20 n.11. Mr. Levy also signed a new duty location policy acknowledging that he would "be required to remain at my duty location for a period of at least two (2) years from the effective date of my assignment" and that he "may request to be reassigned to another location after the end of the two-year service requirement in the CBP Officer position." Appx. 23.

In October 2011, Mr. Levy reported for duty in Arizona. After serving three weeks there, he went to training in Georgia and South Carolina. While there, he learned that some CBPO positions in New Jersey had opened up and been filled. Mr. Levy, believing his conversations with Jessica constituted a verbal contract, complained to numerous CBP officials about unlawful hiring practices.

In April 2012, after his training had concluded, Mr. Levy failed to report back to Arizona for his scheduled duty. On May 5, 2012, he received notice that he had been terminated for being absent without leave and authoring e-mails that were disrespectful and unprofessional.

After exhausting his administrative procedures, Mr. Levy filed an individual right of action appeal before the Board, alleging that he was terminated in retaliation for whistleblowing on CBP's unlawful hiring practices. The administrative judge found that Mr. Levy had met the jurisdictional requirements of the Whistleblower Protection Act of 1989[1] (WPA) and held a two-day hearing

---

[1] All of the relevant events, including Mr. Levy's termination, occurred before the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012. Pub. L. No. 112–199, § 202, 126 Stat. 1465, 1476.

where Mr. Levy and five witnesses called by the agency testified.

On December 10, 2015, the Board issued its initial decision denying Mr. Levy's request for corrective action, finding that Mr. Levy had not shown that he had made a protected disclosure. On August 18, 2016, the Board issued a final order affirming the administrative judge's decision to sustain the charges. This timely appeal followed and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may reverse a Board decision only if we find the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Cleaton v. Dep't of Justice*, 839 F.3d 1126, 1128 (Fed. Cir. 2016). "Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (quotation marks and citations omitted).

After reviewing the record and the Board's decision, we find no error and affirm the Board's decision that Mr. Levy failed to establish that he made a protected disclosure.

Although Mr. Levy argues that the Board dismissed his case without considering all of the evidence, witnesses, and documentation, absent specific evidence indicating otherwise, we presume that all evidence contained in the record at the time of a final determination has been reviewed. *Gonzales v. West*, 218 F.3d 1378, 1381 (Fed. Cir. 2000). Other than his disagreement with the Board's

final decision, Mr. Levy provides no such specific evidence.

To the extent Mr. Levy contends that the Board improperly credited Jessica's testimony over his own, we note that "an evaluation of witness credibility is within the discretion of the Board and . . . such evaluations are 'virtually unreviewable' on appeal." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) (quoting *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998)). Here, the Board explained that it credited Jessica's testimony because it was "straightforward" and consistent with her notes and job responsibilities, in contrast to Mr. Levy's testimony, which the Board found to be "inherently improbable." Appx. 22–24. Thus, the Board did not abuse its discretion and substantial evidence supports the Board's finding that Mr. Levy made no protected disclosures about illegal hiring practices that would be protected by the WPA.

We have considered Mr. Levy's remaining arguments but find them unpersuasive. Because the Board applied the correct law and because its decision is supported by substantial evidence, we affirm the Board's decision.

**AFFIRMED**

No costs.