# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE Y. ANDERSON,
            Appellant,

            v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
SF-0353-16-0528-I-2

DATE: January 20, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michelle Y. Anderson, Los Angeles, California, pro se.

Catherine V. Meek, Esquire, Long Beach, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's denial of her request for restoration. For the reasons discussed below, we DENY the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and DISMISS the appeal as untimely filed without good cause shown.

## BACKGROUND

¶2    On December 1, 2015, the appellant filed a formal complaint of discrimination in which she alleged that the agency discriminated against her on the basis of race, color, sex, age, and disability and retaliated against her for her prior equal employment opportunity (EEO) activity when, beginning on July 28, 2015, it denied her a reasonable accommodation and did not allow her to work because there was no work available within her medical restrictions. *Anderson v. U.S Postal Service*, MSPB Docket No. SF-0353-16-0528-I-I, Initial Appeal File (IAF), Tab 8 at 21.   On April 12, 2016, the agency issued its final agency decision (FAD) in which it found that the appellant did not prove that she was subjected to discrimination and notified her that she had the right to file a Board appeal within 30 days of her receipt of the FAD.  *Id*. at 21-46.  The agency has provided evidence that the FAD was delivered to the appellant's address on April 15, 2016. *Id*. at 47.

¶3    On May 27, 2016, the appellant mailed the instant Board appeal via certified mail and asserted that she had received the FAD on April 25, 2016.  IAF, Tab 1 at 2, 7.  Without addressing the timeliness issue, the administrative judge found jurisdiction, conducted a hearing, and determined that the agency's decision not to fully restore the appellant during the periods from July 28 to October 3, 2015, and from November 8, 2015, to June 30, 2016, was not arbitrary and capricious. *Anderson v. U.S Postal Service*, MSPB Docket No. SF-0353-16-0528-I-2, Refiled Appeal File (RAF), Tab 15, Tab 36, Initial Decision (ID) at 6-17.  She also found that the appellant did not prove her claims of retaliation for filing a grievance or engaging in EEO activity or her discrimination claims based upon sex, age, or disability.  ID at 17-24.

¶4	The appellant has filed a petition for review along with a supplement to the petition, the agency has responded in opposition to her petition, and the appellant has replied. *Anderson v. U.S Postal Service*, MSPB Docket No. SF-0353-16-0528-I-2, Petition for Review (PFR) File, Tabs 1, 3, 6, 9.[2]

¶5	On August 3, 2018, the Office of the Clerk of the Board issued a show cause order stating that the appeal appeared to be untimely and requesting that the parties provide the Board with any evidence and argument regarding whether the appeal was timely or whether there is good cause for the delay. PFR File, Tab 11 at 4. The order provided that the appellant must file her response within 20 days of its issuance and that the agency's response must be filed within 20 days of the date of service of the appellant's response. *Id*. at 4-5. The appellant timely

---

[2] With her petition, the appellant has submitted agency policies and training materials regarding injury compensation, reasonable accommodation, and absence without leave (AWOL), including sample forms and reference materials, and a November 2016 leave request. PFR File, Tab 1 at 27-84. In the supplement to her petition, she has submitted a September 2017 letter to a claims examiner stating that, although the office denied her claim for compensation on the basis that her time reflected that she was AWOL, the time had since been changed to leave without pay status; the position descriptions of a Claims and Inquiry Clerk and Mail Rewrapper; a portion of a glossary of agency terms; and a September 2017 summary of a step 2 grievance meeting in which the appellant's grievance challenging her conversion to an "unassigned regular" was denied. PFR File, Tab 3 at 2-7, 17. She also has submitted an August 9, 2017 letter stating that she was awarded a bid job with a retroactive effective date in September 2009, August 2017 medical documents, and an August 20, 2017 grievance form, all of which were created after the record closed below on June 7, 2017, but before the August 30, 2017 initial decision. *Id*. at 8-16; ID at 1. Additionally, she has submitted a motion to supplement the record with her statement that, in October 2017, the agency provided work to limited-duty employees that included the same duties that she had requested to perform. PFR File, Tab 4 at 3-4. We do not consider this evidence and deny the appellant's motion because the evidence is either not new or is not material to the dispositive issues in this appeal. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015) (stating that the Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed below despite due diligence and the evidence contained therein is of sufficient weight to warrant an outcome different from that of the initial decision), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016). To the extent that the appellant is seeking Board review of alleged denials of restoration arising subsequent to June 30, 2016, she may wish to file a new Board appeal. We express no opinion as to the timeliness of any such appeal.

mailed her response on August 23, 2018.  PFR File, Tab 12; *see* 5 C.F.R. § 1201.4(*l*).  The agency timely replied to the response on September 12, 2018. PFR File, Tab 13.

## DISCUSSION

¶6        When an appellant has filed a timely formal complaint of discrimination with the agency, a subsequent Board appeal must be filed within 30 days after the appellant receives the agency's FAD.  5 C.F.R. § 1201.154(b); *see Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶ 7 (2017).  Generally, if a party does not submit an appeal within the applicable time limit, it will be dismissed as untimely filed unless there is a good cause for the delay.  *See Little*, 124 M.S.P.R. 183, ¶ 10; 5 C.F.R. § 1201.22(c).  An appellant must prove, by preponderant evidence, that her appeal was timely filed.[3]  5 C.F.R. § 1201.56 (b)(2)(i)(B).

¶7        In light of the above, we find that the appeal is untimely filed.  The agency's FAD notified the appellant that she had 30 days to file a Board appeal. IAF, Tab 8 at 44.  She was required to submit her Board appeal within 30 days of receiving the decision.  5 C.F.R. § 1201.154(b).  The agency submitted evidence that the appellant received the FAD on April 12, 2016.  IAF, Tab 8 at 47. However, the appellant asserted in her initial appeal that she had received the FAD on April 25, 2016.  IAF, Tab 1 at 2.  Even accepting the appellant's assertion regarding the receipt date as true, her appeal would still be untimely. The date of filing by mail is determined by the postmark date.  5 C.F.R. § 1201.4(*l*).  Here, her appeal was postmarked May 27, 2016.  IAF, Tab 1 at 7. Accordingly, we find that she did not file her appeal within 30 days of receipt. Instead, she mailed it 32 days after April 25, 2016, when she asserts that she received the FAD, or 45 days after the agency evidence indicates that she

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

received it. IAF, Tab 1 at 7, Tab 8 at 47. Thus, even accepting her argument regarding the receipt date as true, her appeal was untimely filed by at least 2 days.

¶8      We also find that the appellant did not establish good cause for her delay in filing. To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Little*, 124 M.S.P.R. 183, ¶ 10. In determining whether the appellant has established good cause for an untimely appeal, the Board will consider such factors as the length of the delay, the reasonableness of her excuse and her showing of diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unfavorable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her claim. *Id*.

¶9      In her response to the show cause order, the appellant states that, after she received the notice of her right to file on April 25, 2018, she tried several times to contact her union representative and that she was not familiar with the Board's procedures. PFR File, Tab 12 at 2-3. Further, she states that she cannot afford representation. *Id*. at 3. She also states that, although she was not hospitalized, she was ill. *Id*.

¶10     A lack of familiarity with the Board's administrative practices does not constitute good cause for waiver of the Board's timeliness requirements. *See Mata v. Office of Personnel Management*, 53 M.S.P.R. 552, 554-55, *aff'd*, 983 F.2d 1088 (Fed. Cir. 1992) (Table). Additionally, a party's inability to obtain counsel does not establish good cause for an untimely filing. *See Innocent v. Office of Personnel Management*, 108 M.S.P.R. 453, ¶ 10, *aff'd*, 296 F. App'x. 925 (Fed. Cir. 2008) (per curiam). Further, the appellant has not described how her illness prevented her from filing her appeal. *See Alford v. Office of Personnel Management*, 108 M.S.P.R. 414, ¶ 10 (2008) (stating that a doctor's statement

that the appellant was under his care did not establish good cause for her untimely petition for appeal based on illness, when the statement contained no explanation as to how the medical condition prevented her from filing a timely appeal).  Even considering the appellant's pro se status, we find that the appellant has not presented evidence of due diligence or the existence of circumstances beyond her control that affected her ability to file her appeal such that we should waive the filing deadline.  *See Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (stating that the Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, even when the delay is minimal and the appellant is pro se).

¶11        Accordingly, we find that the appellant has not established good cause for her filing delay.  *See Schuringa v. Department of the Treasury*, 106 M.S.P.R. 1, ¶¶ 9, 14 & n.* (2007) (declining to excuse a 4-day delay in filing an appeal when the pro se appellant's submissions did not support a finding that she was medically prevented from timely filing her appeal or from requesting an extension of time).

¶12        Thus, we vacate the initial decision and instead dismiss this appeal as untimely filed without a showing of good cause for the delay.  *See, e.g.*, *Dotson v. U.S. Postal Service*, 41 M.S.P.R. 412, 413-16 (1989) (affirming the initial decision that dismissed the appeal as untimely by 1 day), *aff'd*, 895 F.2d 1420 (Fed. Cir. 1990) (Table).  This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.