**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CECIL AVERY, | DOCKET NUMBER |
| Appellant, | DC-3330-17-0206-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: February 27, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cecil Avery, Union, Kentucky, pro se.

Judith A. Fishel, APO, AE, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to provide the appellant with notice of the elements of a right-to-compete claim and clarify that we also consider his claim as a right-to-compete claim, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant applied and was tentatively selected for the Information Technology (IT) Specialist (INFOSEC), GS-2210-12, position under vacancy announcement number EUJD163424411675519. Initial Appeal File (IAF), Tab 6 at 33-34, 56-61. The agency subsequently withdrew its tentative offer on the basis that the appellant had retired from Federal service and that it did not intend to pursue hiring him as a reemployed annuitant.[2] *Id*. at 25. As support, the agency provided a copy of the Department of Defense (DOD) Instruction, which stated that reemployed annuitants should be hired "to meet critical mission needs," such as when positions are hard to fill. *Id*. at 62-64.

¶3 The appellant filed a VEOA complaint with the Department of Labor (DOL), but DOL notified him that it did not find evidence that the agency had

---

[2] A reemployed annuitant is a person who is receiving a retirement annuity and, at the same time, is earning a paycheck as a Federal employee.

violated his rights.  IAF, Tab 6 at 14-17, Tab 10 at 24-25.  He subsequently filed this timely Board appeal and did not request a hearing.  IAF, Tab 1.  On the basis of the written record, the administrative judge issued an initial decision denying the appellant's request for corrective action.  IAF, Tab 17, Initial Decision (ID).[3]

¶4        The appellant has filed a petition for review, the agency has responded in opposition to the appellant's petition, and the appellant has replied.  Petition for Review (PFR) File, Tabs 1, 3-4.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        The appellant argues that the agency should not have withdrawn its offer as he was willing to forfeit his disability annuity to accept the position and waive simultaneous compensation as an annuitant and as an employee.[5]  PFR File, Tab 1

---

[3] Neither the administrative judge nor the agency provided the appellant notice of the elements of a right-to-compete claim and instead provided only the notice for a veterans' preference claim.  ID at 2; IAF, Tab 3 at 2-3, Tab 6 at 7, Tab 8 at 2, Tab 9 at 9, Tabs 12, 15.  This error is not prejudicial, however, because the appellant has established jurisdiction over his claim, and the record is sufficiently developed such that there is no genuine dispute of material fact and the agency must prevail as a matter of law.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

[4] Citing the Board's regulation regarding the 10-day timeframe for filing a reply to a response to a petition for review, the appellant asserts that the agency's response to his petition for review is untimely.  PFR File, Tab 4 at 4; *see* 5 C.F.R. § 1201.114(e).  However, the agency timely filed its response on May 8, 2017, within the 25-day timeframe for doing so.  PFR File, Tabs 1, 3; *see* 5 C.F.R. § 1201.114(e).

[5] On review, the appellant has attached the DOD Instruction entitled "Policy guidance on the reemployment of civilian retirees under the National Defense Authorization Act for Fiscal Year 2010," which was dated Friday, December 9, 2011.  PFR File, Tab 1 at 6-9.  In his reply, he has submitted evidence regarding a portable building that he could not afford to move due to his financial state as a result of the agency rescinding its offer.  PFR File, Tab 4 at 8-9.  The Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed below despite due diligence and that the evidence contained therein is of sufficient weight to warrant an outcome different from that of the initial decision.  *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016).  We do not consider these documents as the Instruction and the information

at 4-5.  He further states that, even if the Board finds that he was seeking an appointment as a reemployed annuitant, the agency should have hired him through the reemployed annuitant program for positions that are hard to fill.  *Id*. at 5.

¶6        The appellant asserted that the agency denied him the opportunity to compete for the IT Specialist (INFOSEC) position as a rehired annuitant.[6]  IAF, Tab 1 at 4.  To establish Board jurisdiction over a right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(B), an appellant must (1) show that he exhausted his DOL remedy and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1).  5 U.S.C. § 3330a(a)(1)(B); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010); 5 C.F.R. § 335.106.  It is undisputed that the appellant exhausted his remedy with DOL and that the action at issue took place after December 10, 2004.  IAF, Tab 12 at 2.  We also find that the appellant is a veteran within the meaning of 5 U.S.C. § 3304(f)(1) as he retired from the U.S. Air Force after over 20 years of service.  IAF, Tab 6 at 82.  Further, the appellant has nonfrivolously alleged that the agency denied him the opportunity to compete for a vacant position for which it accepted applications from individuals outside its own workforce as it advertised a position for status candidates (merit promotion and VEOA eligible), accepted outside applicants,

___

contained therein is not new, and the information regarding the building is immaterial to the issue of whether the agency properly considered the appellant's application.

[6] We clarify that we consider the appellant's claim that the agency violated his right under 5 U.S.C. § 3304(f)(1) to compete for the position.  5 U.S.C. § 3330a(a)(1)(B); *see Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010); 5 C.F.R. § 335.106.

and did not ultimately select him for the position. *Id*. at 40-44, 56-61; *see Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 5 (2016) (finding that the Board had jurisdiction over the appellant's right-to-compete claim).

¶7        Nevertheless, although we find jurisdiction over the appellant's claim, we find that he is not entitled to corrective action as there is no genuine dispute of material fact and the agency must prevail as a matter of law.[7] 5 U.S.C. §§ 3330a-3330c; *see Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008) (stating that the Board may decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law).[8] Here, the undisputed evidence establishes that the agency accepted the appellant's application, reviewed it, initially determined he was qualified, and even tentatively offered him the position. IAF, Tab 6 at 33-35. Under these circumstances, we must find that the agency considered the appellant's application sufficiently such that it afforded him the opportunity to compete for the position.[9] *See Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 13 (2008) (finding that the agency allowed the appellant the

---

[7] A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id.*

[8] In this case, the appellant did not request a hearing. IAF, Tab 1. Thus, regardless of the Board's authority, the case would have been disposed of without a hearing.

[9] The Board has held that the right to compete does not preclude an agency from eliminating a veteran or a preference eligible from further consideration for a position based on his qualifications for the position. *See, e.g.*, *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010) (finding that the agency could properly consider problems with the appellant's past performance in determining that he was not qualified for the vacant position). Thus, to the extent that the agency asserted that the appellant was not qualified for the position on the basis of his status as an annuitant, we find that it was entitled to exclude him on this basis.

opportunity to compete for the position at issue when he was interviewed for the position and his name was forwarded to the selecting official).

¶8        Further, we find no merit to the appellant's argument that the agency was required to seek an exception to its general hiring process by using its authority to hire him as a reemployed annuitant.  Agencies are permitted to fill vacancies by any authorized method.  *Montgomery*, 123 M.S.P.R. 216, ¶ 6.  The Board will review the method used by an agency to fill a vacancy to determine if it is authorized when the use of an unauthorized method could have denied covered individuals the right to compete.  *Id.*  We find that the agency's refusal to make a special exception to its generally and undisputedly authorized procedures does not constitute such an unauthorized method.

¶9        We conclude that the appellant has failed to demonstrate a genuine dispute of material fact as to whether the agency violated his right to compete because the agency properly considered his application and did not use an unauthorized method of hiring.  Accordingly, we deny his request for corrective action.[10]  *See Downs*, 110 M.S.P.R. 139, ¶¶ 13-14 (denying the appellant's request for corrective action on the basis that there was no genuine dispute of material fact because he was clearly afforded the right to compete in that his name was among those forwarded to the selecting official for consideration).

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of

---

[10] We find no reason to disturb the administrative judge's finding that the agency did not improperly pass over the appellant's application.  ID at 5-6; *see* 5 U.S.C. § 3318(a); *Goodin v. Department of the Army*, 123 M.S.P.R. 316, ¶ 3 n.1 (2016) (describing the passover process).

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[12]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.