# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL KENNEDY,
                Appellant,

        v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
SF-0752-16-0600-I-1

DATE: April 13, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Charleston, South Carolina, for the appellant.

<u>Douglas W. Frison</u>, Esquire, APO, APO/FPO Pacific, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      By notice dated April 6, 2016, the agency proposed to remove the appellant from his Teacher position at the Department of Defense Education Activities Seoul American High School on the basis of the following charges: (1) unauthorized early departure on February 17, 2016; (2) inappropriate conduct supported by two specifications concerning emails sent by the appellant to students on February 22, 2016; (3) lack of candor during an official investigation on February 24, 2016; and (4) failure to follow procedures when, on February 17, 2016, he notified the school secretary that he would be absent on February 18 and 19, 2016, but failed to provide substitute plans for those days, as required by the school's policy. Initial Appeal File (IAF), Tab 6 at 67-71. The appellant submitted a written response to the proposed removal on May 10, 2016. *Id.* at 58-66. In a June 6, 2016 decision, the deciding official imposed the removal effective June 17, 2016. *Id.* at 51-54.

¶3  The appellant timely appealed his removal to the Board, arguing that the agency could not prove that he engaged in actionable misconduct; raising affirmative defenses of disability discrimination, retaliation for prior equal employment opportunity (EEO) activity, harmful errors, and due process violations; and arguing that the deciding official failed to properly consider the relevant factors in determining the penalty.  IAF, Tab 2 at 12-18, Tab 12 at 12-17.

¶4  After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the charges; denying his due process, harmful error, retaliation for prior EEO activity, and disability discrimination affirmative defenses; and finding that the agency established nexus and the reasonableness of the penalty.  IAF, Tab 33, Initial Decision (ID).  Therefore, the administrative judge affirmed the appellant's removal.  ID at 48.

¶5  The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response.  Petition for Review (PFR) File, Tabs 5, 7, 9.[3]

---

[3] Although the Board's regulations provide that a petition for review should not include documents that were part of the record below, 5 C.F.R. § 1201.114(b), both parties submitted such documents on review.  Specifically, the appellant attached to his petition for review copies of his discovery requests, motions, a "Good Faith Notification," and a supplemental prehearing statement.  PFR File, Tab 1 at 32-67; IAF, Tab 13 at 9-16, Tab 15 at 4-6, Tab 19 at 4-7, Tab 21 at 4-9, Tab 27 at 4-19.  The agency submitted a copy the appellant's first set of discovery requests.  PFR File, Tab 7 at 13-21; IAF, Tab 14 at 7-15.  Because these documents are not new, they do not provide a basis for granting the petition for review.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new); 5 C.F.R. § 1201.115(d).  The agency also submitted on review an August 31, 2016 email concerning the scheduling of depositions.  PFR File, Tab 7 at 11-12.  We will not consider this document for the first time on review because the agency has not shown or alleged that it is new or material.  *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015) (explaining that the Board generally will not consider evidence submitted for the first time on review absent certain circumstances), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016); 5 C.F.R. § 1201.115(d) (same).

**DISCUSSION OF ARGUMENTS ON REVIEW**

The administrative judge correctly found that the agency proved the charges.

¶6        As noted above, the agency removed the appellant on the basis of four charges concerning his conduct in February 2016, IAF, Tab 6 at 51-54, 67-71, and the administrative judge sustained all four charges, ID at 3-28.  On review, the appellant argues that the administrative judge erred in sustaining the charges, generally alleging that the agency failed to prove the allegations against him and arguing that the administrative judge erred in finding that his hearing testimony was not credible.  PFR File, Tab 5 at 21-25, 28-29, Tab 9 at 5.  However, we find no basis to disturb the administrative judge's well-reasoned, credibility-based determinations or his conclusion that the agency proved all four charges.[4]  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The administrative judge properly found that the appellant failed to prove his affirmative defenses.

¶7        As noted above, the appellant raised several affirmative defenses below, arguing that the agency violated his constitutional right to due process, committed harmful procedural errors, discriminated against him on the basis of disability, and retaliated against him for prior EEO activity.  IAF, Tab 2 at 13-17, Tab 12 at 12-16.  The administrative judge found that the appellant failed to prove any of these affirmative defenses.  ID at 28-44.  On review, the appellant does not challenge the administrative judge's determination that he failed to prove his harmful error, discrimination, and retaliation affirmative defenses, PFR File,

---

[4] We further find no basis to disturb the administrative judge's determination, which the appellant does not challenge on review, that the agency established nexus between the charges and the efficiency of the service.  ID at 44; PFR File, Tabs 5, 9.

Tabs 5, 9, and we discern no basis to disturb these well-reasoned findings, *see Crosby*, 74 M.S.P.R. at 105-06. He reasserts his argument, however, that the charges were impermissibly vague and therefore violated his right to due process.[5] PFR File, Tab 5 at 21.

¶8    When, as here, a public employee has a property interest in his continued employment, the Government cannot deprive him of that interest without due process. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Minimum due process requires notice of the charges, an explanation of the agency's evidence, and an opportunity to present a response. *Id.* In other words, due process requires, at a minimum, that an employee being deprived of his property interest be given "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)), *quoted in Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 16 (2014).

¶9    In the initial decision, the administrative judge found that the appellant's response to the proposed removal did not raise any concerns about the clarity of the charges and the appellant responded in detail to each specification and charge. ID at 30; IAF, Tab 6 at 58-66. The administrative judge further found that there was nothing in the record to suggest that the appellant or his representative at the time failed to understand the charges and specifications set forth in the proposal notice. ID at 30. On review, the appellant argues that the specifications "lacked

---

[5] The appellant also argues on review that the investigation leading to the charges against him violated his right to due process because, among other things, the Principal and Assistant Principal "manipulated the investigation and the students," "forced students to choose sides," "supported a whisper campaign by encouraging students to either come forward with something negative or stay away," "questioned students secretly in their offices," and "forced the students to turn over private email messages." PFR File, Tab 5 at 18-20. Because the appellant did not raise these arguments below and has not shown that they are based on new and material evidence not previously available despite his due diligence, we need not address it for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); IAF, Tabs 2, 12.

clarity and a basis by which a defined cause of action could be unproven" and failed to "set forth the rule, policy, regulation or the nature or details of what [the appellant] supposedly did wrong." PFR File, Tab 5 at 21.

¶10 We have considered the appellant's general challenge on review to the sufficiency of the agency's proposal notice but find that it satisfied the minimum requirements of due process. Specifically, as discussed above, the proposal notice set forth the charges against the appellant in detail and explained the agency's evidence. IAF, Tab 6 at 67-71. The appellant had the opportunity to respond to the proposal notice and availed himself of this opportunity, submitting a written response through this chosen representative. *Id.* at 58-66. Thus, we find that the appellant received sufficient notice of the charges and the evidence against him and was afforded a meaningful opportunity to present his side of the story to the deciding official, which is all that due process requires in this context. *See Loudermill*, 470 U.S. at 545-46. Therefore, we discern no basis to disturb the administrative judge's determination that the appellant failed to prove his due process affirmative defense. ID at 30.

<u>The administrative judge correctly found that the agency proved the reasonableness of the penalty.</u>

¶11 When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 7 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct). In making this determination, the Board must give due deference to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Penland*, 115 M.S.P.R.

474, ¶ 7.  The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness.  *Id*.

¶12      The administrative judge found that the deciding official considered the relevant evidence, appropriately weighed the *Douglas* factors, and exercised her managerial discretion within the tolerable limits of reasonableness.  ID at 44-47.  In so finding, the administrative judge noted that the deciding official considered the appellant's offenses to be serious, intentional, and inconsistent with his trusted role as a teacher and the school's obligations to "guid[e] the impressionable children of service members" and to create a stable atmosphere for the students.  ID at 45.  The administrative judge also explained that the deciding official considered as aggravating factors the appellant's prior suspension for misconduct toward a student and his lack of rehabilitative potential based on his failure to take ownership of his misconduct.  ID at 46-47.  The administrative judge further noted that the deciding official considered the appellant's prior periods of successful performance and his unsubstantiated contention that he was suffering from a medical condition when he "snapped" on February 17, 2016, but found that the seriousness of the sustained offenses outweighed any mitigating factors.  ID at 47.

¶13      On review, the appellant argues that the administrative judge "abused his discretion in failing to properly consider the *Douglas* factors," claiming that he was a "superb teacher" with an "excellent work ethic and reputation" who was mistreated by the agency.  PFR File, Tab 5 at 29.  He also asserts that "[t]his case provides an example of how an incredibly talented teacher was nearly destroyed by false accusation[s]."  *Id.*  These unsupported and vague allegations and apparent disagreement with the weight the deciding official afforded to each *Douglas* factor, however, do not provide any basis for review.  *See Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 25 (2013) (explaining that the issue in determining whether the Board should exercise its mitigation

authority is whether the agency considered the relevant *Douglas* factors and reasonably exercised management discretion in making its penalty determination, not whether the *Douglas* factors could be weighed differently).

The administrative judge did not abuse his discretion or exhibit bias in his case-related rulings.

¶14    On review, the appellant argues that the administrative judge abused his discretion in rendering the following rulings:  denying his motion to compel discovery responses; denying his motions to disqualify the agency representative and for sanctions based on the conduct of the agency representative; denying his motions to reschedule the prehearing conference; denying his request for certain witnesses; and allowing the agency to submit unspecified evidence during the hearing that it purportedly did not produce during discovery and to introduce "irrelevant and prejudicial testimony during the hearing" that was unrelated to the charges.  PFR File, Tabs 5, 9.

¶15    An administrative judge has broad discretion to control the proceedings before him.  *Scoggins v. Department of Army*, 123 M.S.P.R. 592, ¶ 20 (2016); *see* 5 C.F.R. § 1201.41(b).  The Board generally will not find reversible error in an administrative judge's case-related ruling unless it was not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.  5 C.F.R. § 1201.115(c).  For the reasons that follow, we find that the appellant's challenges to the administrative judge's handling of the proceedings below fail to establish reversible error and provide no basis to disturb the initial decision.

¶16    The administrative judged denied the appellant's motions to compel discovery responses, to disqualify the agency representative pursuant to 5 C.F.R. § 1201.31, and to reschedule the prehearing conference on the ground that they did not comply with the Board's requirements.  IAF, Tabs 16, 20, 22, 30.  The administrative judge found that the appellant's motion to compel did not contain a statement that he had made a good faith effort to resolve the discovery dispute

with the agency and to narrow the areas of disagreement. 5 C.F.R. § 1201.73(c)(1)(iii); IAF, Tab 27 at 11. It also was untimely filed. 5 C.F.R. § 1201.73(d)(3); IAF, Tab 27 at 11, 16-18. The appellant did not file his motions to disqualify the agency's representative within 15 days after service of the notice of the designation or becoming aware of an alleged conflict.[6] 5 C.F.R. § 1201.31(b); IAF, Tab 6 at 1, Tabs 21, 27, 29. The appellant's requests to delay the prehearing conference lacked good cause and did not include a statement regarding whether the opposing party objected. 5 C.F.R. § 1201.55(a), (c); IAF, Tabs 13, 16, 18, 20-22.

¶17     An administrative judge has discretion to deny a motion for failure to comply with the Board's requirements. *See Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 73 (2012) (reaching this conclusion in the context of a motion to compel), *superseded by regulation on other grounds as recognized in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016) *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13. On review, the appellant does not contend that his motions in fact met the requirements set forth in the applicable regulations, PFR File, Tabs 5, 9, and we therefore find no basis to conclude that the administrative judge abused his discretion in denying them.

¶18     The appellant also argues that the administrative judge did not allow him to call "critically important witnesses." PFR File, Tab 9 at 5. As part of an administrative judge's wide discretion to control the proceedings, he has the authority to exclude evidence and testimony he believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of Veterans Affairs*,

---

[6] As to the appellant's request for sanctions based on the conduct of the agency's attorney, his claims—that the attorney made "disrespectful references" to the appellant's attorney and engaged in a "cat and mouse" game—fall short of conduct prejudicial to the administration of justice or contumacious conduct warranting sanctions. 5 C.F.R. § 1201.43. Black's Law Dictionary 337 (9th ed. 2009) (defining contumacious conduct as "willful disobedience of a court order"); PFR File, Tab 5 at 25-26; IAF, Tab 21 at 4, 8-9, Tab 27 at 6-11, Tab 29; PFR File, Tab 5 at 26-27.

122 M.S.P.R. 353, ¶ 21 (2015); 5 C.F.R. § 1201.41(b)(8), (10). The administrative judge granted the appellant six of his requested witnesses, including the appellant himself, but denied six others and a request for "unknown witnesses." IAF, Tab 23 at 2-3, Tab 25 at 7-9, Tab 30 at 1-2. To obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the appellant must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Parker*, 122 M.S.P.R. 353, ¶ 21. Here, the appellant has not explained how the proffered testimony that was denied is relevant or would have affected the outcome and therefore has not shown that the administrative judge abused his discretion.

¶19      The appellant further argues that the administrative judge improperly allowed the agency to submit evidence during the hearing that it did not produce during discovery and to introduce "irrelevant and prejudicial testimony during the hearing" that was unrelated to the charges. PFR File, Tab 5 at 23-24, Tab 9 at 5. These nonspecific arguments, however, do not establish that the administrative judge abused his considerable discretion in controlling the proceedings below. *See* 5 C.F.R. § 1201.41(b). Moreover, the appellant has again failed to show how he was prejudiced by any error in this regard. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶20      The appellant also claims that the administrative judge's case-related rulings, discussed above, are evidence of actual bias or create an appearance of bias. PFR File, Tab 5 at 27-29. However, we decline to find bias based on these rulings. *See King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999) (stating that an administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias). The appellant's other arguments likewise fail to identify any improper comments or actions by the administrative judge that plausibly indicate favoritism. *See Bieber v. Department of the Army*, 287 F.3d

1358, 1362-63 (Fed. Cir. 2002) (finding that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible"). Therefore, we reject the appellant's argument on review that the administrative judge was biased against him.

¶21    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.