**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CAROLINE ADAMS,
                   Appellant,

          v.

DEPARTMENT OF THE NAVY,
                   Agency.

DOCKET NUMBER
AT-1221-18-0080-W-1

DATE: August 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Caroline Adams</u>, Alexandria, Virginia, pro se.

<u>Patricia Reddy-Parkinson</u>, Esquire, Portsmouth, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant exhausted her administrative remedy with the Office of Special Counsel (OSC) but failed to nonfrivolously allege that she made a protected disclosure or engaged in protected activity that was a contributing factor to a personnel action, we AFFIRM the initial decision.

## BACKGROUND

¶2      At the time relevant to this appeal, the appellant was employed by the agency as a Human Resources Officer. Initial Appeal File (IAF), Tab 1 at 1. On November 2, 2017, she filed an IRA appeal with the Board, claiming that she was suspended for 7 days in November of 2015, not given a promotion in February of 2016, and experienced a hostile work environment and harassment because she reported to her congressman that the agency performed illegal actions to pass an Office of Personnel Management (OPM) delegated examination authority inspection and that it engaged in illegal hiring practices. *Id*. at 5, 7. The administrative judge issued a jurisdictional order informing the appellant of what she was required to prove to establish Board jurisdiction over her claim. IAF, Tab 3. The appellant responded, arguing that she was unable to retain counsel to assist in presenting evidence due to the impending holidays. IAF, Tab 6 at 4.

She also indicated that she had filed a complaint with OSC, but that it terminated its investigation. *Id*.

¶3    On December 1, 2017, the administrative judge issued an initial decision, wherein she considered OSC's August 28, 2017 close-out letter—the only evidence submitted below by the appellant regarding exhaustion—but ultimately found that the appellant failed to prove that she exhausted her administrative remedy with OSC.  IAF, Tab 8, Initial Decision (ID) at 3-4.  Accordingly, she dismissed the appeal for lack of jurisdiction. ID at 4.

¶4    The appellant has filed a petition for review arguing that she did not receive a hearing and submitting, for the first time, OSC's August 15, 2017 preliminary determination letter.  Petition for Review (PFR) File, Tab 1 at 4, 6-10.  The agency responded to the appellant's petition for review, and she filed a reply. PFR File, Tabs 3-4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board has jurisdiction over an IRA appeal if the appellant proves by preponderant evidence that she exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8, *aff'd*, No. 2022-1967, 2023 WL

---

[2] With the appellant's reply, she includes a copy of an OSC complaint.  PFR File, Tab 4 at 32-59.  This complaint is dated June 25, 2012, and references case number MA-12-3534, and therefore, appears to predate all the allegations in the instant appeal.  All the remaining OSC correspondence submitted by the appellant references case number MA-17-2121. IAF, Tab 1 at 10-15; PFR File, Tab 1 at 6-10, Tab 4 at 6-10.  Thus, it is unclear whether the appellant is asserting that the 2012 OSC complaint corresponds with her current claims before the Board.  Regardless, as further explained below, we otherwise conclude that the appellant exhausted her administrative remedy with OSC.

4398002 (Fed. Cir. July 7, 2023); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1).

<u>The appellant proved by preponderant evidence that she exhausted her administrative remedy with OSC.</u>

¶6      To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must only show that she provided OSC with a sufficient basis to pursue an investigation into her allegations of whistleblowing reprisal. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Generally, exhaustion can be demonstrated through the appellant's OSC complaint, evidence the original complaint was amended (including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations), and the appellant's written responses to OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). Alternatively, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her appeal. *Chambers*, 2022 MSPB 8, ¶ 11.

¶7      In the initial decision, the administrative judge found that, apart from the August 28, 2017 close-out letter, there was "no additional information indicating that the appellant gave sufficient information to OSC to conduct an investigation" into her broad allegations. ID at 4. Regardless of whether we agree with this finding, on review, the appellant supplements her submissions regarding the exhaustion requirement. With her petition for review, she submits, for the first time, OSC's August 15, 2017 preliminary determination letter.[3] PFR File, Tab 4

---

[3] Generally, the Board will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed despite due diligence and the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016). However, because the appellant's evidence concerns the question of

at 6-10. In that letter, OSC references the appellant's allegations that she reported alleged hiring and recruitment violations to a U.S. Senator and a hostile work environment to a U.S. House of Representatives staffer on October 22, 2015. PFR File, Tab 4 at 6. These allegations are similar to her allegations before the Board that she was subjected to reprisal for disclosing to a congressman that the agency committed "illegal actions" to pass an OPM delegated examination authority inspection and that it engaged in illegal hiring practices. IAF, Tab 1 at 5. Therefore, we conclude that the appellant provided OSC with a sufficient basis to pursue an investigation into her claims of whistleblower reprisal. *See Chambers*, 2022 MSPB 8¶ 10. Accordingly, we modify the initial decision to find that the appellant proved that she exhausted her administrative remedy with OSC. *See id*.

The appellant failed to nonfrivolously allege that she made a protected disclosure or engaged in a protected activity that was a contributing factor in a personnel action.

¶8        Assuming, without finding, that the appellant nonfrivolously alleged that she made a protected disclosure or engaged in a protected activity,[4] we

---

jurisdiction, and jurisdiction is always before the Board, we consider it here. *See Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

[4] The appellant's allegations that she disclosed to Congress that the agency performed illegal actions to pass an OPM inspection and engaged in illegal hiring practices do not contain sufficient detail to determine whether she is alleging that an agency official engaged in any of the wrongdoing set forth in 5 U.S.C. § 2302(b)(8). IAF, Tab 1 at 5. Notably, she does not allege any specific actions that were taken, who allegedly took those actions, or why she believes those actions to be illegal. *Id*. Rather, her bare assertions amount to the legal conclusion that unknown agency officials engaged in undefined illegal acts, and such allegations are insufficient to meet the nonfrivolous allegation standard. *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006); *see also* 5 C.F.R. § 1201.4(s) (explaining that a nonfrivolous allegation must be "more than conclusory"). Nonetheless, on December 20, 2019, Congress passed the National Defense Authorization Act (NDAA) of 2020, which amended 5 U.S.C. § 2302(b)(8) to add subsection (C), which explicitly covers disclosures to Congress when such disclosures are otherwise covered under subsection (B). *See* Pub. L. 116-92, § 5721, 133 Stat. 1198, 2175 (2019). Here, the appellant alleges that she made her

nonetheless find that she failed to nonfrivolously allege that such a disclosure or activity was a contributing factor in a personnel action. One way to establish the contributing factor criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Chambers*, 2022 MSPB 8, ¶ 15; *Salerno*, 123 M.S.P.R. 230, ¶ 13.

¶9      Here, the appellant has not alleged that any agency official responsible for, or who had influence over, her 7-day suspension or the decision not to promote her had any knowledge of her disclosure to Congress.[5] IAF, Tabs 1, 6; PFR File, Tabs 1, 4. Thus, she has failed to meet the knowledge prong of the knowledge/timing test and has, therefore, failed to nonfrivolously allege the contributing factor element under that test.[6] However, the knowledge/timing test

disclosure to Congress in October of 2015, PFR File, Tab 4 at 6, which is 5 years before the passage of the NDAA of 2020. We need not determine whether this provision is retroactive, and if so, whether the appellant's alleged disclosure is covered under it because, as explained below, we otherwise find that she failed to nonfrivolously allege that any disclosure or activity was a contributing factor in a personnel action.

[5] A failure to promote and a 7-day suspension qualify as personnel actions under 5 U.S.C. § 2302(a)(2)(A)(ii), (iii). The appellant's vague allegation that she was harassed and subjected to a hostile work environment is not sufficiently specific, even if construed liberally, to constitute a nonfrivolous allegation of a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). *See Skarada v Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16 (explaining when an allegation of a hostile work environment constitutes an allegation of a personnel action).

[6] Additionally, the appellant does not specifically allege in her pleadings when she made her disclosure to Congress; however, communication from OSC shows that the appellant alleged that her disclosures to Congress occurred on or around October 22, 2015, PFR File, Tab 1 at 6. Regarding her alleged 7-day suspension, the agency proposed that action on October 16, 2015. IAF, Tab 1 at 7. The Board has found that a disclosure occurring after the personnel action at issue could not have been a contributing factor in that action. *See Mason*, 116 M.S.P.R. 135, ¶ 27. Thus, the appellant's disclosure to Congress could not have been a contributing factor in the 7-day suspension. *See id.*

is not the only way for an appellant to satisfy the contributing factor element. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). Other evidence relevant to that inquiry is evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15.

¶10    Here, although the nature of the appellant's alleged disclosure could implicate the human resources office in which she is employed, her allegations are brief and vague, and do not offer any details regarding any specific agency official who was involved in the alleged wrongdoing that she disclosed. IAF, Tabs 1, 6; PFR File, Tabs 1, 4. Thus, she has not nonfrivolously alleged that her whistleblowing was personally directed at an agency official responsible for the personnel actions at issue here. Further, she makes no allegations that any agency official responsible for the 7-day suspension or denial of her promotion had a desire or motive to retaliate against her. IAF, Tabs 1, 6; PFR File, Tabs 1, 4. Finally, although the appellant challenges the agency's reason for suspending her for 7 days, that challenge is summary in nature and asserts only that the agency's reason for the suspension was "false." IAF, Tab 1 at 5. Assessing these factors on balance, we find that the appellant failed to nonfrivolously allege that her disclosure to Congress was a contributing factor in the 7-day suspension or the denial of a promotion.

¶11    Based on the foregoing, we modify the initial decision to find that the appellant failed to nonfrivolously allege that she made a protected disclosure or engaged in a protected activity that was a contributing factor in a personnel action. Because we ultimately agree with the administrative judge that the appellant failed to establish jurisdiction over her claims, we deny the appellant's petition for review and affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

 (3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.