# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROL A. PUCCERELLI, | DOCKET NUMBER |
| Appellant, | NY-0752-17-0087-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: February 22, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carol A. Puccerelli</u>, Rocky Point, New York, pro se.

<u>Jael Dumornay</u>, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that sustained her removal from the agency for claiming Government benefits to which she was not entitled and attempting to access her own tax account in violation of agency policy. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant began working for the agency in 2010 as a Contact Representative. Initial Appeal File (IAF), Tab 6 at 36.[2] In this position, the appellant was responsible for communicating with taxpayers to assist them in achieving tax compliance. IAF, Tab 1 at 8, Tab 28 at 35; Hearing Compact Disc (HCD) (testimony of the appellant). This included accessing personal and financial information for taxpayers to establish installation payments, ordering tax transcripts, and adjusting taxpayer accounts. IAF, Tab 1 at 8, Tab 28 at 35; HCD (testimony of the appellant).

Effective January 30, 2017, the agency removed the appellant on the charge of claiming Government benefits to which she was not entitled and the charge of attempting to access her own tax account. IAF, Tab 1 at 7, 12-13. The first charge includes four specifications describing instances whereby the appellant certified to the New York State Department of Labor (NYS DOL) that she was not working or receiving income, when she was in fact working for the agency on the reported dates in a pay status. *Id.* at 12-13. As a result, the appellant was ineligible for unemployment benefits but received them anyway based on the

---

[2] On her Standard Form 50, the appellant's position is listed as a Contact Representative; however, the agency commonly refers to this position as Customer Service Representative. IAF, Tab 6 at 36, Tab 45 at 5 n.4.

false information that she provided. *Id.* The latter charge contains one specification alleging that the appellant knowingly violated agency policy by attempting to access her own tax account on the agency's system. *Id.* at 13.

The appellant appealed her removal to the Board. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision affirming the removal action, finding that the agency met its burden of proving the charges, a nexus between the charges and the efficiency of the service, and the reasonableness of the penalty. IAF, Tab 47, Initial Decision (ID) at 1-14. The appellant's petition for review and the agency's response followed. Petition for Review (PFR) File, Tabs 3, 8.

We have thoroughly reviewed the record in this case and agree with the administrative judge's well-reasoned and supported findings. There is no basis to disturb them. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings in the initial decision when she considered the evidence, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).[3]

On review, the appellant claims that she was unfairly prejudiced due to the duration between the charged misconduct occurring and her removal. PFR File, Tab 3 at 5-6. The appellant argues that this amount of time prohibited her from recovering call records that would have aided in her defense against the charge of claiming Government benefits to which she was not entitled. *Id.* at 6.

Although sometimes a charge may be dismissed if an agency's delay in proposing the adverse action is unreasonable and prejudicial to an appellant, such

---

[3] The Board's decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 9-18, issued after the initial decision in this appeal, clarifies that the relevant inquiry for assessing a claim of disparate penalty when weighing the reasonableness of a penalty is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. There is no evidence in the record to indicate that the agency did so in this case. Thus, any subsequent change in the case law does not provide a reason to disturb the conclusions of the initial decision.

circumstances do not exist in this appeal. *See Messersmith v. General Services Administration*, 9 M.S.P.R. 150, 155-56 (1981) (holding that the delay between the misconduct and the agency's issuing the proposal was not a reason to overturn the action, as the delay was caused by the seriousness of the charges, the corresponding investigation, the U.S. Attorney's involvement, and appeal, the appellant did not identify any prejudicial harm from the delay). In this case, the NYS DOL and the Treasury Inspector General for Tax Administration (TIGTA) conducted a joint initiative beginning in 2014 to identify employees receiving unemployment benefits under fraudulent claims. IAF, Tab 27 at 21-22. The appellant knew that she was a subject of this investigation well before the proposal to remove was issued, as the NYS DOL sent her notice in April 2015 that it was looking into her previous unemployment claims, and she then was interviewed by TIGTA about the matter in April 2016. IAF, Tab 28 at 4, 37-38. The appellant did not submit these now-mentioned call records to the NYS DOL or TIGTA at these earlier times, nor is there anything in the record to indicate that she even attempted to obtain these records. TIGTA discovered that the appellant engaged in additional misconduct in November 2015 by attempting to access her own tax account, which resulted in more investigation, delaying the issuance of the proposal. IAF, Tab 27 at 21-22. Further delay was caused by the agency's referring the appellant's misconduct to the U.S. Department of Justice, which declined criminal prosecution. IAF, Tab 28 at 32. The appellant's argument does not diminish the strength of the agency's evidence proving that she engaged in the serious charged misconduct. Thus, the appellant's arguments do not provide a basis to disturb the initial decision.

The appellant takes issue on review with some of the credibility determinations made by the administrative judge. Specifically, the appellant claims that her hearing testimony—regarding not receiving the NYS DOL unemployment insurance handbook and her attempts to call the NYS DOL to self-report the ineligible payment of benefits—was more credible than the hearing

testimony of the NYS DOL Investigative Officer, who testified that the appellant did receive the handbook and the NYS DOL had no record of a telephone call from the appellant to report an ineligible payment. PFR File, Tab 3 at 6-7; HCD (testimony of NYS DOL Investigative Officer; testimony of the appellant). To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

In the initial decision, the administrative judge properly assessed the *Hillen* factors in finding the appellant's testimony not credible. ID at 6-9. In weighing the appellant's testimony, the administrative judge noted the appellant's overall demeanor, how the documentary evidence refuted many of the appellant's statements, and the lack of sufficient explanations in the appellant's responses. ID at 7-8. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of a testifying witness. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (stating that deference is due not only when an administrative judge's credibility determinations explicitly rely on demeanor, but also when they do so "by necessary implication"). The Board may overturn such determinations only when it has sufficiently sound reasons. *Haebe*, 288 F.3d at 1301. No such reason is present in this case.

In an effort to buttress her claims, the appellant attempts to submit new evidence into the record on review that was not entered below. PFR File, Tab 3 at 6, 15-39. This evidence includes a bank receipt, a disciplinary action report from the bargaining unit, a proposal and decision notice for another employee, and a letter regarding potential settlement in an arbitration involving another employee. *Id.* at 12-39. The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016).

In this instance, the bank receipt is from April 2013, years before the record closed in this case, and the appellant admits that she came across it after the hearing when organizing her personal papers. PFR File, Tab 3 at 6, 39. Regarding the disciplinary action report, the appellant received notice in May 2017, months before the record closed, that this report was available in an accessible, searchable database. *Id.* at 14. The appellant made vague reference to this report in her hearing testimony, but did not seek to admit it into evidence at that time. HCD (testimony of the appellant). Similarly, the proposal and decision notice, along with the letter regarding potential settlement of an unrelated arbitration, are from earlier in 2016 and 2017, months before the record closed here. PFR File, Tab 3 at 29, 34, 38. As a result, the appellant has not made a showing that these documents were unavailable before the record closed despite her due diligence. Further, she fails to explain how including these documents in the record would demand a different result than that reached in the initial decision. *See Dyer v. Office of Personnel Management*, 41 M.S.P.R. 244, 247 (1989) (holding that the Board would not consider evidence submitted by the appellant for the first time on review because he did not establish that it was

previously unavailable despite his due diligence and that the evidence was sufficient to warrant a different outcome).

On review, as she did during the hearing, the appellant requests that any evidence and testimony related to her NYS DOL unemployment file be struck from the record, as she claims that such evidence was obtained impermissibly and contains information of a personal nature. PFR File, Tab 3 at 7-8; HCD (testimony of the appellant). However, the agency obtained such relevant documentary evidence from the NYS DOL through a subpoena, while the administrative judge issued a subpoena for the relevant hearing testimony of the NYS DOL Investigative Officer. IAF, Tab 22 at 1-2; Tab 27 at 27-28; HCD (testimony of TIGTA Special Agent). The NYS DOL provided a business records certification when supplying the agency with the appellant's file. IAF, Tab 27 at 29, Tab 41 at 8. The appellant has failed to raise a legitimate basis to support granting her request. *See Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 15 (2017) (denying the appellant's motion to strike because she provided no basis to grant it).

Lastly, many of the appellant's other contentions on review, including claims of disparate penalty and the agency's failure to meet its burden of proving the charges, a nexus between the charged misconduct and the efficiency of the service, and the reasonableness of the removal penalty, merely reargue the issues and findings of fact made by the administrative judge. PFR File, Tab 3 at 8-11. Such contentions are inadequate to warrant granting her petition for review. *See Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991) (holding that merely rearguing the same issues heard and decided by the administrative judge, with nothing more, does not constitute a basis to grant a petition for review), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.